[No. 8,875. In Bank.—February 28, 1884.]

## THE STOCKTON BUILDING AND LOAN ASSOCIATION, RESPONDENT, *v.* GEORGE CHALMERS ET AL., DEFENDANTS, AND JOSEPH ALHOFF AND MARTIN ALHOFF, INTERVENORS AND APPELLANTS.

HOMESTEAD — PROBATE PROCEEDINGS — NOTICE — MORTGAGE. — One Alhoff occupied a small tract of unsurveyed government land upon which he resided with his family until his death. Upon his death the land was set apart by the Probate Court as a homestead to the family, which consisted of his widow and two sons. Subsequently the widow married one Chalmers, who filed a pre-emption claim upon certain lands, including a portion of the homestead lot, and obtained a United States patent. He afterwards mortgaged the land to a person who had no knowledge of any claim of the children to the land. *Held,* (1) that the order setting apart the homestead operated only upon the interest which Alhoff had in the premises at the time of his death. (2) That the probate proceedings were not notice sufficient to put a *bona fide* purchaser from the holder of the legal title upon inquiry as to any equitable claim of the children to the land.

APPEAL from a judgment of the Superior Court of the county of El Dorado, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles F. Irwin*, for Appellants.

*W. L. Dudley*, and *George G. Blanchard*, for Respondent.

MYRICK, J. — This is an action to foreclose a mortgage executed by one Robert Chalmers in his lifetime. His executor and executrix and a junior mortgagee were made defendants. Joseph and Martin Alhoff are intervenors, and the court having rendered judgment against them, and directed a sale of the mortgaged premises, they have appealed. The intervention is based upon the following facts: —

In 1855 one M. Alhoff went into the occupation of a small tract of unsurveyed government land, and thence resided thereon with his family until his death. He extended his possessions so as to embrace some twenty-two or twenty-three acres, planted a vineyard, built a house, wine cellar, and distillery. He was qualified to pre-empt, but took no steps in that direction other than to occupy the land. He died in 1867, leaving him surviving a widow (Louisa M.) and two sons (the intervenors). In that year (1867) the place was set apart, by the Probate Court, to the widow and two sons as a homestead, and they continued to reside on the premises until July, 1869, when the said Louisa M. intermarried with Robert Chalmers, and she removed, with her sons, to the house of said Chalmers, on the other side of the road dividing the Chalmers place from the Alhoff place. In May, 1869, said Chalmers had been appointed guardian of the persons and estates of the two boys, and received letters; but he filed no inventory or report. The United States survey of the land was completed July 31, 1871. In 1871 or 1872 Robert Chalmers filed a pre-emption claim, which embraced his residence on the east side of the road, as well as the east 9 13-100 acres of the Alhoff place, and in August, 1873, he received a United States patent for the same. On the 27th of September, 1874, said Chalmers deeded to Louisa M. and the two boys the westerly 13 19-100 acres of the

Alhoff place, retaining the title to the easterly 9 13-100 acres, on which were located the dwelling, barn, and a portion of the wine cellar. On the same day he executed the mortgage in suit, which embraced the easterly 9 13-100 acres and his own residence, with other property — but did not embrace the westerly 13 19-100 acres. In January, 1879, said Chalmers moved to the Alhoff house, and resided there until his death in 1881. In March, 1879, said Robert Chalmers executed the second mortgage to his son, the defendant, Hugh Chalmers. The intervenors attained majority respectively, Joseph on the 17th of September, 1878, and Martin on the 21st of November, 1879.

The intervenors claim that by virtue of the homestead proceedings in the Alhoff estate they became tenants in common with their mother in the ownership of the premises; that when Chalmers acquired the title from the United States Government, he acquired it for them, and hence held in trust for them; and that the possession by their father, and the setting apart by the Probate Court, imparted to the plaintiff sufficient notice to put it upon inquiry, and that it is not an encumbrancer in good faith without notice.

We do not think the homestead proceedings in any manner affect the mortgage. Those proceedings operated only upon whatever right the intestate had at the time of his death.

The court found that neither the plaintiff nor those through or from whom it acquired the note and mortgage had any knowledge of the alleged right or title of the intervenors, prior to the commencement of this action. There is evidence sufficient to sustain this finding.

The judgment and order are affirmed.

Morrison, C. J., Sharpstein, J., Thornton, J., McKinstry., J, and Ross, J., concurred.