[Civ. No. 13920.  First Dist., Div. Two.  Mar. 29, 1949.]

WOMAN'S ATHLETIC CLUB OF SAN FRANCISCO (a Corporation), Respondent, v. THE ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO (a National Banking Association) et al., Defendants; AMERICAN AGENCIES, INC. (a Corporation), Appellant.

A. A. Tiscornia for Appellant.

Morgan J. Doyle and J. Joseph Sullivan for Respondent.

DOOLING, J.—Plaintiff corporation commenced a quiet title action against The Anglo California National Bank of San Francisco under its true corporate name and joined therein several corporations and individuals as defendants by fictitious names. The named defendant bank by answer and cross-complaint asserted an interest in the real property involved as successor trustee under a deed of trust securing a bonded loan of the plaintiff club. The appellant, American Agencies, Incorporated, a corporation, was served as a defendant sued by fictitious name. It filed an answer and cross-complaint in which it alleged that it was the owner of bonds

of the plaintiff club in the amount of $7,700, that these bonds were secured by the deed of trust aforementioned, that the bond payments were in default and that it had demanded of the trustee that it sell the property under the deed of trust and that said trustee had refused to act. It asked for a foreclosure and sale of the property to satisfy its claim under its bonds and those of all other unpaid bondholders. Plaintiff club moved for judgment on the pleadings against defendant and cross-complainant American Agencies, Incorporated. This motion was granted and from the judgment so entered against it American Agencies, Incorporated, appeals.

Respondent club takes the position primarily that appellant's cross-complaint shows on its face that it has no proper case entitling it to cross-complain. Before considering this question we notice certain matters going to the sufficiency of the cross-complaint to state a cause of action in any event. A bondholder is entitled to maintain an action for foreclosure when his bonds are in default upon showing a demand upon the trustee to foreclose and his refusal to do so. (*Citizens' Bank* v. *Los Angeles etc. Co.*, 131 Cal. 187 [63 P. 462, 82 Am. St.Rep. 341]; *California Safe etc. Co.* v. *Sierra etc. Co.*, 158 Cal. 690 [112 P. 274, Ann.Cas. 1912A, 729].) The cross-complaint shows that the trustee is not bound to proceed to sell unless the owners of 80 per cent of the outstanding bonds so demand. The failure of 80 per cent to make such demand does not prevent an individual bondholder from foreclosing. In *Citizens' Bank* v. *Los Angeles etc. Co.*, *supra*, the court said at pages 191-192 of 131 Cal.:

"Where the deed authorizes the trustee to proceed upon the written request of a majority of the bondholders, it is held in those cases that he cannot act without such petition. But the bondholder has a right of action upon showing that the trustee has refused to bring the suit, even though the trustee may have been justified, under the provisions of the deed, in refusing. If this were not so, it would . . . practically make it possible for a majority to deprive the minority of the remedy of foreclosure altogether."

Respondent argues that the cross-complaint is defective in not alleging that there is no restriction in the deed of trust on the right of foreclosure by a single bondholder. This is not necessary to state a cause of action. Plaintiff need not negative in his complaint facts which would constitute an exception to his right to maintain the action, but such facts if they exist are properly left to be raised by the answer.

(*Jaffe* v. *Stone,* 18 Cal.2d 146, 158-159 [114 P.2d 335, 135 A.L.R. 775] ; *Stanton* v. *Santa Ana Sugar Co.,* 84 Cal.App. 206, 208-209 [257 P. 907] ; 21 Cal.Jur. 61-63.)

The main question is whether this is a proper case for cross-complaint under section 442, Code of Civil Procedure. We have no doubt that under the present liberal construction of the ''transaction'' provision of that section the cross-complaint is proper. It appears without any question that the transaction against which the plaintiff seeks to quiet its title is its deed of trust securing its bond issue. ''The more recent cases have approved a broad and liberal interpretation of the phrase 'transaction upon which the action is brought.' (Citing cases.) The facts surrounding the cause of action and not the form of complaint are determinative of what constitutes the 'transaction.' If the defendant's pleading sets forth matter inextricably related to the matter forming the basis of the plaintiff's complaint, it meets the statutory requirements of a cross-complaint, and it is immaterial that the relief sought thereby is independent of that prayed for in the complaint.'' (*Kent* v. *Clark,* 20 Cal.2d 779, 786 [128 P.2d 868, 142 A.L.R. 576].)

This rule has had application in several quiet title actions where the purpose was to quiet title against a transaction which was made the basis of the cross-complaint. (*California Trust Co.* v. *Cohn,* 214 Cal. 619, 624 et seq. [7 P.2d 297] ; *Martin* v. *Hall,* 219 Cal. 334, 337 [26 P.2d 288], expressly disapproving earlier cases to the contrary; *Hanlon* v. *Western Loan & Bldg. Co.,* 46 Cal.App.2d 580, 604 [116 P.2d 465].) Respondent attempts to limit the rule of these cases strictly to their special facts but we are satisfied that under the liberal rule of construction of the ''transaction'' portion of Code of Civil Procedure, section 442 enjoined by the later cases no such strict interpretation is justified.

The judgment appealed from finally disposes of the action as to appellant and hence is appealable (*Howe* v. *Key System Transit Co.,* 198 Cal. 525 [246 P. 39] ; *Young* v. *Superior Court,* 16 Cal.2d 211 [105 P.2d 363] ; *Trask* v. *Moore,* 24 Cal.2d 365 [149 P.2d 854] ) and in this respect is distinguishable from *Sjoberg* v. *Hastorf,* 33 Cal.2d 116 [199 P.2d 668] and *Wood* v. *Metzenbaum, ante,* p. 533 [203 P.2d 105].

Judgment reversed.

Nourse, P. J., and Goodell, J., concurred.