[Civ. No. 20851.   First Dist., Div. Three.   Nov. 8, 1962.]

FLOYD V. SMITH et al., Plaintiffs and Respondents, v.
CLINTON E. SMITH, Defendant and Appellant.

Bohnett, Hill & Bohnett and L. D. Bohnett for Defendant
and Appellant.

Tinning & DeLap and Robert Eshleman for Plaintiffs and
Respondents.

DEVINE, J.—Plaintiffs move to dismiss the appeal of de-
fendant and cross-complainant from judgment dismissing the
cross-complaint based upon an order sustaining a demurrer
to the cross-complaint without leave to amend, upon the ground
that the judgment is nonappealable.  Plaintiffs also move for

an order affirming said judgment on the same ground and on the ground that the appeal is frivolous.

Plaintiffs contend that the judgment is nonappealable because, the parties to the complaint and to the cross-complaint being the same, the judgment dismissing the cross-complaint does not finally dispose of anyone's claims, for the complaint and the answer to it remain.

It is, indeed, the rule that a cross-complaint is not ordinarily considered sufficiently independent to allow a separate final judgment to be entered upon it, where the parties to the complaint and cross-complaint are identical, and appeal does not lie from judgment dismissing the cross-complaint. (*Sjoberg* v. *Hastorf,* 33 Cal.2d 116 [199 P.2d 668], and cases cited therein.) There is an exception, however, when the judgment appealed from finally disposes of the action as to the appellant. Thus, where judgment on the pleadings was granted to plaintiff upon the proposition, erroneous as the appellate court found it to be, that cross-complaint would not lie, the judgment finally disposed of the matter, and was appealable. (*Woman's Athletic Club* v. *Anglo Cal. Nat. Bank,* 90 Cal.App.2d 850, 853 [204 P.2d 411].)

The judgment of dismissal was based upon an order sustaining a demurrer to the cross-complaint without leave to amend, upon the ground that the content of the cross-complaint was res judicata under the decision of this court, Division One (*Estate of Smith,* 196 Cal.App.2d 544 [16 Cal. Rptr. 681]). Plaintiffs in the case before us took two steps for the protection of their rights under a certain written contract with decedent, Clara I. Smith: (1) they filed a petition to determine heirship in the probate proceedings, and (2) they filed a complaint for declaratory relief and to establish a trust, which commenced the present case. As respondents stated frankly to the court below, they filed the complaint simply as a precautionary measure in case jurisdictional defects should arise in respect of the petition to determine heirship. They succeeded completely in the petition to determine heirship, and everything that is in their complaint in the present case has been decided effectively in their favor by the judgment which was affirmed in *Estate of Smith, supra.* Therefore, the situation is similar to that in *Woman's Athletic Club, supra.* There is no further relief which plaintiffs may have under their complaint, and defendant cannot proceed because of the judgment of dismissal against them.

The cross-complaint is based upon an alleged oral contract

between Clara I. Smith, deceased, and appellant. It may be that the decision in *Estate of Smith* forecloses any claim under the oral contract as a matter which was, or which might have been, litigated in the probate proceedings, but that is the very question of the appeal on its merits. Under the circumstances related herein, the judgment dismissing the cross-complaint is final between the parties, and is appealable.

As to the motion to affirm the judgment upon the ground that the appeal is frivolous, we prefer to hear the appeal in the regular way, rather than to undertake consideration of the matter without the help of briefs.

Motions to dismiss appeal and to affirm judgment are denied.

Draper, P. J., and Salsman, J., concurred.