[Civ. No. 24428.    First Dist., Div. Four.    Jan. 24, 1969.]

HAROLD JAMES TRIPLETT et al., Plaintiffs and Appellants, v. MAXINE WILLIAMS, as Executrix, etc., et al., Defendants and Respondents.

Jerome R. Lewis and George B. Hendry for Plaintiffs and Appellants.

Coombs, Dunlap, Dunlap & Champlin, Philip A. Champlin, Simeon E. Sheffey, Alfred F. Breslauer and Hoffman, Davis & Moon for Defendants and Respondents.

DEVINE, P. J.—Appellants are plaintiffs in an action against the executrix of the will of George W. Hoffman, deceased, and against legatees under his will. The complaint was dismissed after sustaining of a demurrer based on the

statute of limitations. Appellants are remaindermen of a trust established in the will of Clara Trubody Hoffman, wife of George W. Hoffman. She died on November 1, 1958. Her husband died on February 6, 1964.

The testamentary trust provides that the rents, issues and profits of the remainder of the estate (following bequests to several persons, including plaintiffs) shall be paid by the trustee, Bank of America National Trust & Savings Association, to testatrix' husband, George W. Hoffman, during his lifetime, and at his death the remainder shall go to testatrix' cousins, plaintiffs herein.

The complaint was filed on September 28, 1964. It alleges that on February 19, 1958, George W. Hoffman unduly influenced his wife to transfer the sum of $22,068.91, which was her separate property, into a joint bank account with him, and that on September 23, 1958, he unlawfully converted the joint account to his own use. The complaint alleges that Clara Hoffman was of unsound mind on February 19, 1958. The suit is for the purpose, as it is put in the prayer, of establishing a constructive trust. There is no allegation in the complaint of the time when the transfers came within the knowledge of the plaintiffs.

Section 338, subdivision 4 of the Code of Civil Procedure was pleaded in the demurrer and, upon the ground of this statute, the demurrer was sustained. The plea of the statute of limitations is good. The cause of action was created, according to the facts set forth in the pleadings, not later than September 23, 1958. But during whatever time Mrs. Hoffman was of unsound mind, the statute was tolled. Upon her death on November 1, 1958, however, the tolling of the statute ended. This date is so far removed from the commencement of the action as to preclude the prosecution of the cause by reason of the pleading of the statute of limitations.

The personal representative of a decedent not only has the power, but it is his duty, to sue for recovery of personal property alleged to have been procured from the decedent by fraud or undue influence. (*Holland* v. *McCarthy,* 177 Cal. 507, 511 [171 P. 421]; 4 Witkin, Summary of Cal. Law (1960) § 216, p. 3203; 2 Witkin, Cal. Procedure (1954) § 58, pp. 1034-1035.) The same right and duty appertain to a testamentary trustee. (*Estate of Wellings,* 192 Cal. 506, 510 [221 P. 628].) If the personal representative or the trustee fail to take action against a third person with respect to the trust property during the period allowable under the

statute of limitations, the beneficiary is precluded from maintaining an action against the third person. (*Patchett* v. *Pacific Coast Ry. Co.*, 100 Cal. 505, 510 [35 P. 73] ; Rest. 2d ·Trusts, § 327, p. 125.) ▓▓ If the trustee cannot or will not enforce the cause of action which the trustee ought to bring against a third person, the beneficiary may seek judicial compulsion against the trustee (Rest. 2d Trusts, § 199) ; or the beneficiary may enforce his rights by a suit in which the third person and the trustee are joined in order that the claim may not be lost or prejudiced (Rest. 2d Trusts, § 282; Bogert, Trusts and Trustees (2d ed.) § 954, p. 505; 2 Witkin, Cal. Procedure (1954) § 61, p. 1037; *Woman's Athletic Club* v. *Anglo-California National Bank,* 90 Cal.App.2d 850 [204 P.2d 411]).

▓▓ Plaintiffs' argument, therefore, that the statute cannot be applied against them because they had no standing to sue is unsound. The "standing" was that of the executor and of the trustee. This standing is conferred by statute and in a trustee's action to recover property belonging to the estate the beneficiaries need not be joined. (Code Civ. Proc., ·§ 369.) The Bank of America National Trust & Savings Association, which was executor and later trustee, was bound to take whatever action was proper for the acquisition and safekeeping of property of the estate. Plaintiffs do not allege that they or anyone else informed the bank of the alleged wrongful act which is the basis of the present action; nor that the bank was informed from any other source of the alleged wrongful act; nor that demand was ever made upon the bank to take action.

The cases cited by appellants are inapplicable : *Thompson* v. ·*Pacific Electric Ry. Co.*, 203 Cal. 578 [265 P. 220] and *Pryor* v. *Winter,* 147 Cal. 554 [82 P. 202, 109 Am.St.Rep. 162] (conveyances by life tenants; remaindermen not barred by statute of limitations because they had no right to possession until life tenants died) ; *Rhoda* v. *County of Alameda,* 134 Cal.App. 726 [26 P.2d 691] (contingent remaindermen could not sue for damages to real property until after the falling in of life estate) ; *Benoist* v. *Benoist,* 178 Cal. 234 [172 P. 1109] (remainderman had no interest in property unless and until life tenant should die without male issue; wherefore he could not sue until contingency matured) ; *Hopper* v. *Barnes,* 113 Cal. 636 [45 P. 874] (holder of mere possibility of reverter not entitled to injunction against building of a stone fence).

The essential thing, and that which distinguishes our case from those cited by appellants, is that for a period of years far beyond the time expressed in the statute of limitations there was a corporate executor and trustee which could have brought an action against George W. Hoffman during his lifetime and which would have been obliged to do so if a demand by the beneficiaries, backed by sufficient evidence to compel such action, had been made upon the representative.

Appellants argue that because the will provides that the "rents, issues and profits of said property, together with the principal thereof if necessary in the judgment of my said trustee, shall go to my husband, GEORGE W. HOFFMAN, during his lifetime," it would be possible that, even if the executor and trustee had recovered property allegedly wrongfully taken, there might have been nothing left at the time of the death of George Hoffman because of the provision for invasion of the principal "if necessary." But the trustee was not given absolute discretion; wherefore its powers, if not reasonably exercised, were subject to control by the proper court. (Civ. Code, § 2269.) The superior court, sitting in probate, had continuing jurisdiction over the testamentary trust even after distribution. (Prob. Code, § 1120.) That court has jurisdiction over practically all controversies which might arise between the trustee and the beneficiaries. (*Estate of Bissinger*, 60 Cal.2d 756, 765 [36 Cal.Rptr. 450, 388 P.2d 632, 19 A.L.R.3d 506].)

Of course, it was possible that the trustee, exercising sound discretion, would have found it necessary to disburse all of the principal to Mr. Hoffman during his lifetime. But this possibility does not appear to us to be a recognized ground for tolling the statute of limitations, and appellants have cited no authority to show that it is. Many meritorious lawsuits are unproductive when the time arrives at which their fruits should be gathered. The possibility that their benefits will not be realized does not effect tolling of the statute. Nor should this possibility be considered to outweigh or even to balance the obvious fact that the present action was not brought until the death of the party who was most able to meet its challenge.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.