Filed 6/10/24 Santa Clara County Dept. of Child Support Services v. Wright CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSEPH WRIGHT, <br><br> Defendant and Respondent; <br><br> MARIA SARABIA, <br><br> Appellant. | H051180 <br> (Santa Clara County <br> Super. Ct. No. 2011-1-CS-134144) |

Respondent Santa Clara County Department of Child Support Services (the Department) initiated a child support action against defendant Joseph Wright. Maria Sarabia, Wright's former spouse, appeals the trial court's order denying her request to join that action. In 2011, the Department obtained and recorded a child support judgment against Wright (related to his child with another woman), resulting in a lien on his real property in Los Angeles. At that time, Sarabia had no interest in the Los Angeles property. A few years later, Wright transferred an interest in that property to Sarabia as

"joint tenants in common" during their marriage.[1]  In 2015, Sarabia obtained a default dissolution judgment against Wright, and the Los Angeles property was awarded entirely to Sarabia as her separate property.  Almost a decade later, Sarabia sought joinder in the child support action to request removal of the lien against the Los Angeles property, alleging that she was unaware of the lien until 2022, did not receive notice of the lien, and was a bona fide purchaser of the property.  The trial court denied her request for joinder.  For the reasons stated below, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In February 2011, the Department initiated the underlying title IV-D action[2] to establish child support for Wright's minor child (with a woman other than Sarabia). Wright and Sarabia married in April 2011.  At the time of their marriage, Wright owned, as his separate property, real property located in Los Angeles County (Los Angeles Property), titled in his name alone as a single man.

In August 2011, the Department obtained a default judgment against Wright, requiring him to pay child support at $370 per month.  It recorded a notice of support

---

[1] "Joint tenants in common" is the verbatim description contained in the grant deed signed by Wright.  We note that persons may hold property as joint tenants, or as tenants in common, but cannot hold title as "joint tenants in common."  (See Civ. Code, § 682 ["The ownership of property by several persons is either: [¶] (a) Of joint interest. [¶] (b) Of partnership interests.  [¶] (c) Of interests in common.  [¶] (d) Of community interest of spouses."])  However, because the nature of Sarabia's interest in the property during their marriage is not dispositive of her claims here, we do not resolve the legal incongruity in the grant deed's language.

[2] A title IV-D action is filed by, or otherwise involves, the local child support agency.  The purpose of the action is to establish, modify or enforce child support obligations.  (See Fam. Code, §§ 17303, 17304; Cal. Rules of Court, rule 5.300(c); see also *County of Yuba v. Savedra* (2000) 78 Cal.App.4th 1311, 1317-1318.)  The label is derived from the federal legislation, title IV-D of the Social Security Act, enacted in 1974 " ' "[f]or the purpose of enforcing the support obligations owed by absent parents to their children and the spouse (or former spouse) with whom such children are living." [Citations.]' " (*County of Los Angeles Child Support Services Dept. v. Watson* (2019) 42 Cal.App.5th 638, 641.)

judgment in Los Angeles County on August 30, 2011.  A prior support judgment had already been recorded against Wright in Los Angeles County by another local child support agency for his support obligations related to a different child.  In 2012, the combined child support liens totaled $49,065.

In May 2013, Wright executed a grant deed, transferring his interest in the Los Angeles Property to himself and Sarabia as "joint tenants in common."  They separated six months later, and in November 2014, Sarabia filed for dissolution.  In her petition for dissolution, Sarabia claimed no community assets or debts and identified no separate property debts.  She requested the court to award her the Los Angeles Property as her separate property.  In 2015, the court entered a default judgment against Wright and awarded the Los Angeles Property to Sarabia as her separate property in the dissolution case.

In May 2022, Sarabia requested to be joined as a party in the title IV-D action now before this court to seek removal of the lien against the Los Angeles Property.  Sarabia alleged she became aware of the child support lien in 2022 when she tried to sell the Los Angeles Property and the title company informed her of it.  Asserting that she never received notice of the lien, Sarabia claimed it was void and, as a bona fide purchaser of the Los Angeles Property, she requested the court in the title IV-D action to remove the lien.

The Department opposed Sarabia's joinder motion.  It argued that the court in title IV-D actions lacked subject matter jurisdiction to make orders concerning the Los Angeles Property and that Sarabia should seek relief in her dissolution action against Wright.  Further, it claimed Sarabia received constructive notice of the lien based on the recorded notice of support judgment, and Sarabia was not a bona fide purchaser of the Los Angeles Property because there was no evidence that she paid any consideration.

3

The court heard and denied Sarabia's motion on December 12, 2022, stating in the minute order, "[t]he Court does not find that requesting party can be joined as a party . . . ." The court entered a conforming written order on December 20, 2022.

Sarabia filed a motion for reconsideration of the order based on the same arguments regarding lack of notice, but she failed to appear at the hearing. The court took her reconsideration motion off calendar. Sarabia then filed a request to restore her motion for reconsideration but, again, failed to appear. On May 16, 2023, the court entered its order, taking off calendar Sarabia's request to restore her motion.

On June 5, 2023, Sarabia filed a timely notice of appeal from the December 20, 2022 order denying her requests for joinder and removal of the lien and the May 16, 2023 order taking her request to restore her reconsideration motion off calendar.[3]

## II.    DISCUSSION[4]

Sarabia challenges the trial court's order denying joinder on multiple grounds. Mainly, she contends the trial court should have joined her in the title IV-D action

---

[3] Sarabia claims she was not served with either order, the record does not show she was served, and the Department does not contend otherwise. (See Cal. Rules of Court, rule 8.104(a)(3).) (Subsequent undesignated references to rules of court are to the California Rules of Court.) Additionally, Sarabia's notice of appeal identified the order denying her joinder request as dated December 12, 2022, the date of the joinder hearing, instead of December 20, 2022, the date the trial court entered the order. On this court's own motion, we deem the appeal to be taken from the December 20, 2022 written order. (See *K.J. v. L.A. Unified School Dist.* (2020) 8 Cal.5th 875, 884-885.)

[4] Citing *R & A Vending Services, Inc. v. City of Los Angeles* (1985) 172 Cal.App.3d 1188, the Department argues that Sarabia's appeal of the May 16, 2023 order taking her request off calendar should be dismissed because it is a nonappealable order. In that municipal action, after the trial court determined plaintiff had no cause of action against the city, it placed off calendar the hearing on a demurrer related to plaintiff's request for remedies. (*Id.* at pp. 1190, 1193-1194.) Plaintiff appealed but the appellate court affirmed, concluding that the order placing the demurrer hearing off calendar was not appealable. (*Id.* at pp. 1193-1194 [off calendar " 'is not synonymous with "dismissal' " " and " 'merely means a postponement' "].) We need not decide whether the May 16, 2023 order is separately appealable because, as we understand Sarabia's

4

because, as the current owner of the Los Angeles Property subject to the child support lien, she was an indispensable party to the Department's attempts to enforce the child support judgment. Sarabia further contends that she was entitled to removal of the lien as a bona fide purchaser of the Los Angeles Property.[5] The Department argues that the trial court was without authority to join third parties in title IV-D actions, and, even if it had such authority, Sarabia did not have standing to seek joinder. For the reasons stated below, we affirm the order because Sarabia has not met her burden on appeal to demonstrate error.

### A. Standard of Review

We are required to presume that the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) The appellant bears the burden of affirmatively showing error. (*Ibid.*)

A trial court's ruling on joinder is reviewed for abuse of discretion. (*Bianka M. v. Superior Court* (2018) 5 Cal.5th 1004, 1018 (*Bianka M.*); *Schnabel v. Superior Court* (1994) 30 Cal.App.4th 758, 763 (*Schnabel*).) "Under that standard, there is no abuse of discretion requiring reversal if there exists a reasonable or fairly debatable justification under the law for the trial court's decision or, alternatively stated, if that decision falls within the permissible range of options set by the applicable legal criteria." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.) "Judicial discretion 'implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason.' [Citations.]" (*Ibid.*) "[A] reviewing court should not disturb the trial court's exercise of discretion unless it has resulted in a miscarriage of justice." (*City and County of San*

position, she is only appealing the December 20, 2022 order denying her requests for joinder and removal of the lien and that she designated both the December 2022 and May 2023 orders in her notice of appeal in an abundance of caution. She advances no argument or record citation supporting the appeal of the May 2023 order.

[5] Wright filed a notice of nonopposition to Sarabia's appeal.

*Francisco v. State of California* (2005) 128 Cal.App.4th 1030, 1036; see also Cal. Const., art. VI, § 13.)

### B. *No Abuse of Discretion or Reversible Error*

Sarabia contends the trial court abused its discretion in denying her motion to join the title IV-D action. While the reasons for the trial court's denial of Sarabia's motion for joinder are unclear,[6] we find neither an abuse of discretion nor a miscarriage of justice warranting reversal.

Code of Civil Procedure section 389 provides, in part, "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." (*Id.*, subd. (a).) "All provisions of law relating to joinder of parties in civil actions generally apply to the joinder of a person as a party to a family law case. . . ." (Rule 5.24(a)(1).) A family law case includes title IV-D actions. (Rule 5.2(b)(3).) Joinder is mandatory in a family law case if a person has physical custody or claims custody rights to a minor child subject to the action. (Rule 5.24(e)(1).) In all other respects, joinder is discretionary. (Rule 5.24(e)(2).)

---

[6] In the minute order, the court denied joinder because it did not find that Sarabia "can be joined as a party." Sarabia did not designate an oral record of the proceedings under rules 8.120(b) and 8.121(b)(1)(C), which require her to provide a reporter's transcript (here, however, the hearing was not reported), an agreed statement under rule 8.134, or a settled statement under rule 8.137. We thus are unable to discern whether the trial court believed it did not have authority to join Sarabia or whether it found Sarabia not an indispensable party. Without a complete record from the hearing, well-established principles of appellate review require us to assume the trial court properly applied the law. (See *In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1526; *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 67.)

Sarabia agrees mandatory joinder does not apply. Under the rules for discretionary joinder, the court first decides whether "it would be appropriate to determine the particular issue in the proceeding[,]" and then decides whether the claimant is either "indispensable" to that issue or is "necessary to the enforcement of any judgment rendered." (Rule 5.24(e)(2); *Schnabel*, *supra*, 30 Cal.App.4th at p. 762, fn. 4.)

Here, Sarabia has not shown how the issue regarding the lien would be appropriate for determination in this title IV-D action. She contends that her request to remove the lien fell within the trial court's enforcement authority. But while the court in title IV-D actions has the authority to enforce child support judgments (see Fam. Code, § 4251), the relief requested by Sarabia does not concern the enforcement of Wright's support judgment. Nothing in the record shows that the Department had taken action to enforce the lien on the Los Angeles Property, apart from recording the support judgment in 2011, before Sarabia held any interest in the property. (See, e.g., Fam. Code, § 17522 [lien enforcement by levy]; Code Civ. Proc., § 689.020 [same].)

In essence, what Sarabia requested from the trial court through her joinder motion was declaratory relief to clear the title on her Los Angeles Property. However, issues in title IV-D actions are limited to parentage, support, custody, and visitation (if appropriate under the circumstances); title IV-D actions do not adjudicate property disputes. (Fam. Code, § 17404, subds. (a) & (e).) Therefore, the request underlying Sarabia's joinder motion was not an issue "appropriate" for determination in the title IV-D action. (Rule 5.24(e)(2); *Schnabel*, *supra*, 30 Cal.App.4th at p. 762, fn. 4.)

Because Sarabia has not met the first requirement for discretionary joinder, we need not resolve whether she met the second requirement that she be an indispensable or necessary party to the title IV-D action. We conclude that, under these circumstances, it was within the trial court's discretion to deny joinder.

Additionally, we are precluded from reversing the trial court's decision unless the appellant demonstrates a miscarriage of justice. (*Paterno v. State of California* (1999)

7

74 Cal.App.4th 68, 105.) Sarabia has not shown that had she been joined in the action, she would have been entitled to removal of the lien. First, Sarabia contends the lien should be removed because the Department never notified her. The record shows that the trial court entered the child support judgment in 2011. As required by law, the Department immediately recorded a "notice of support judgment" against Wright in Los Angeles County. (See Cal. Code Regs., tit. 22, § 116130.) By recording said notice, the lien attached to the Los Angeles Property in 2011 (Code Civ. Proc., § 697.320, subd. (a)), *before* Sarabia received any interest in that property. Since Sarabia was neither on title to nor had any interest in the Los Angeles Property when the support judgment was recorded, the Department was not required to provide her with notice.

Furthermore, "[e]very duly. . . recorded judgment affecting title to or possession of real property, is constructive notice of the contents thereof to subsequent purchasers and mortgagees from the time of recordation." (*In re Marriage of Cloney* (2001) 91 Cal.App.4th 429, 437.) "If an interest in real property that is subject to a judgment lien is transferred or encumbered without satisfying or extinguishing the judgment lien: . . . [¶] [t]he interest transferred or encumbered remains subject to a judgment lien . . . in the amount of the lien at the time of transfer or encumbrance plus interest thereafter accruing on such amount." (Code Civ. Proc., § 697.390, subd. (b).) Under these rules, if a judgment lien against the debtor spouse was attached to the real property of both spouses before the property was awarded to the non-debtor spouse as her sole and separate property, the non-debtor spouse receives the property subject to the lien. (*Lezine v. Security Pacific Fin. Services, Inc*. (1996) 14 Cal.4th 56, 65-66.) The property remains liable for satisfaction of the lien, even though the underlying debt was the obligation of the debtor spouse. (*Ibid.*) Thus, because the child support lien was attached to the Los Angeles Property before Sarabia received any interest in the property, the law infers that she had constructive notice of the lien, and she received the property subject to the lien. Accordingly, Sarabia's argument that she did not receive notice of the lien is unavailing.

Sarabia next asserts that the lien should not apply to her as a bona fide purchaser of the Los Angeles Property. " '[A] bona fide purchaser for value who acquires his or her interest in real property without knowledge or notice of another's prior rights or interest in the property takes the property free of such unknown interests.' [Citations.]" (*Vasquez v. LBS Financial Credit Union* (2020) 52 Cal.App.5th 97, 107.) But Sarabia did not purchase the Los Angeles Property from Wright for any value. (See *Ehret v. Ichioka* (1967) 247 Cal.App.2d 637, 643 [love and affection between spouses is not a valuable consideration such that wife becomes a bona fide purchaser for value of property transferred to her by husband].)

Sarabia contends, without citation to the record, that the Los Angeles Property was the "bargained for exchange" in a property settlement between herself and Wright. The record contains no such settlement agreement. Instead, the record shows the Los Angeles Property was awarded to Sarabia through a default judgment in her dissolution proceedings. "It is the rule in California that a judgment creditor is not entitled to the protection as a bona fide purchaser for value, but, rather, stands in the shoes of the judgment debtor and obtains by his judgment lien only that interest in the property which the judgment debtor actually possesses." (*City of Torrance v. Castner* (1975) 46 Cal.App.3d 76, 80.) Sarabia became the sole owner of the Los Angeles Property through the dissolution judgment, making her a judgment creditor and not a purchaser for value of the property. Accordingly, as a judgment creditor to the Los Angeles Property, Sarabia is not entitled to the protections of a bona fide purchaser.

For the reasons explained above, we conclude that Sarabia has not demonstrated that the trial court's denial of the joinder motion resulted in a miscarriage of justice, or that the trial court abused its discretion in denying the joinder request.

### C. *Arguments Forfeited for Lack of Compliance with Appellate Rules*

Sarabia asserts she was denied an opportunity to speak at the hearing. Without a court reporter's transcript or an authorized substitute memorializing the hearing (see rules

8.134-8.137), we do not have a record of what occurred at the hearing on her joinder request. We do not presume error on a silent record. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.) Moreover, Sarabia has not shown how she was prejudiced by the trial court's alleged refusal to let her speak at the hearing. As explained above, Sarabia's pleadings related to the joinder motion did not establish grounds warranting joinder or removal of the lien. Apart from her pleadings, Sarabia has not specified what arguments or evidence she could have presented at the hearing that might have made a difference in the outcome. As such, Sarabia has not met her burden to demonstrate reversible error.

Sarabia also makes broad assertions of violations of the Fourth and Fourteenth Amendments but provides no discussion of the law or the facts in support of this argument. "[A]n appellant is required to not only cite to valid legal authority, but also explain how it applies in his case." (*Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 10.) "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) We are mindful of the challenges posed by Sarabia's status as a self-represented litigant. But we are required to treat a party who acts as her own attorney like any other party and hold her to the rules of procedure. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Thus, we deem such arguments abandoned.

In summary, we determine that the trial court did not err by denying Sarabia's motion to join the child support proceeding as a means to remove the lien from the Los Angeles Property. However, nothing in this opinion affects Sarabia's ability to pursue other remedies available in the Family Code or Code of Civil Procedure. Our conclusions here are limited to the propriety of denying joinder based on the record presented.

### III.   DISPOSITION

The postjudgment order denying Sarabia's joinder motion entered on December 20, 2022, is affirmed.

_____
Greenwood, P. J.


WE CONCUR:




_____
Bamattre-Manoukian, J.








_____
Grover, J.






H051180
Santa Clara County Department of Child Support Services v. Sarabia


12