[No. G013683. Fourth Dist., Div. Three. Dec. 28, 1993.]

MARILYN J. SCHNABEL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
TERRY L. SCHNABEL et al., Real Parties in Interest.

## COUNSEL

James C. Booth for Petitioner.

No appearance for Respondent.

Roquemore, Pringle & Moore, John P. Pringle and Peter C. Anderson for Real Parties in Interest.

**OPINION**

**SONENSHINE, J.—**

I

Sometimes breaking up is hard to do. Such is the case here. Indeed, this is the third opinion we have written, and the Supreme Court has also authored one. (*Schnabel* v. *Superior Court* (1993) 5 Cal.4th 704 [21 Cal.Rptr.2d 200, 854 P.2d 1117].) And still the parties are married.

"The relevant facts are undisputed. Terry and Marilyn Schnabel separated in 1991 after 25 years of marriage. Marilyn petitioned for a dissolution of the marriage, and requested spousal support, determination of property rights, and attorney fees. There were no minor children of the marriage. Terry is employed by and is the record shareholder of 750 shares, approximately 30 percent of the stock, of Orange Container, Inc. (Orange Container), a close corporation. The stock is community property. A third party owns the remainder of the stock. Marilyn hired a certified public accountant to appraise the corporation's value and to ascertain Terry's remuneration and benefits. [¶] After informal attempts at discovery were unsuccessful, Marilyn served a deposition subpena for production of business records on the custodian of records of Orange Container pursuant to Code of Civil Procedure section 2020. The subpena sought production of a broad range of business and tax records of the corporation, including the corporate tax returns, quarterly payroll tax returns, profit and loss statements, bank activity statements, and records reflecting compensation and benefits paid to Terry. [¶] Orange Container produced its profit and loss and financial statements . . . and all records relating to Terry personally . . . . It moved to quash the subpena for the remainder of the requested information, claiming it was 'irrelevant, privileged, confidential and an invasion of privacy of the non-party shareholder' of the corporation. Terry's declaration filed in support of the motion to quash stated that the remaining documents 'may disclose personal information of the majority shareholder . . . .' Marilyn's opposition to the motion attached the accountant's declaration detailing the reasons each of the disputed items of information was necessary in order to independently verify the information already produced. [¶] The superior court denied the motion to quash. Terry and Orange Container filed the instant petition for writ of prohibition/mandate in the Court of Appeal asking that the superior court be ordered to grant the motion. [We] summarily denied the petition. [The California Supreme Court] granted review and transferred the matter to [us] with directions to vacate [our] order denying the petition and issue an alternative writ. Thereafter, [we] issued an opinion again denying

the petition, and holding that both the business and the tax records were properly ordered produced." (*Schnabel* v. *Superior Court, supra*, 5 Cal.4th 704, 708-710, fn. omitted.)

The Supreme Court granted the petition for review and in *Schnabel* v. *Superior Court, supra*, 5 Cal.4th 704 held: "The trial court acted within its discretion in compelling Orange Container to produce its business records and its corporate tax returns . . . ." (*Id.* at p. 723.)

But that is just the background. While the previous matter was pending, Marilyn sought to join Orange Container as a party in the dissolution action. The trial court denied the motion and Marilyn filed this writ petition. We issued a peremptory writ of mandate directing the Orange County Superior Court to vacate its order denying joinder and to enter a new and different order granting in its entirety petitioner's motion to join Orange Container. The Supreme Court granted review but transferred the matter to us with directions to vacate our decision and to reconsider the cause in light of *Schnabel* v. *Superior Court, supra*, 5 Cal.4th 704.

II

Marilyn's declaration in support of her joinder motion alleged, "The community claims a community property stockholder's interest (30%) in Orange Container Inc., with the balance of 70% owned by one other person. The community stockholder's interest is held in the name of Respondent TERRY L. SCHNABEL. The Respondent and Claimant Orange Container have the exclusive control of any disposition of the said interest except as may be restricted by orders of this court. It is reasonable and necessary the Claimant be joined herein in order to provide this court jurisdiction over Claimant to protect the interest of the community. [¶] The Claimant in collusion with Respondent has refused to produce corporate records previously ordered by the court. Claimant and Respondent have lost their appeal of said order but continue to refuse to produce said records. Petitioner has incurred attorney fees and costs in said appeal in excess of $13,000.00. Petitioner will seek an order for attorney fees and costs against claimant."

Marilyn also alleged: "The Claimant, Orange Container Inc., (and the majority stockholder) is in control of community's minority stockholder's interest. It is necessary that Claimant be joined as it is an indispensable party in determining the nature and extent of community's stockholder's interest. Joinder of Claimant is necessary to provide the court binding jurisdiction over the Claimant, to make necessary orders to protect community interests."

In short, Marilyn gave two reasons to join Orange Container.[1] She wanted its business records so she could pursue necessary discovery and she desired restraining orders to protect her community interest in the corporation.

Orange Container and Terry were ordered to allow Marilyn access to the records. (*Schnabel* v. *Superior Court, supra*, 5 Cal.4th 704, 723.)[2] Thus, her first reason is moot. ■ We now consider whether her request for the restraining orders was sufficient to warrant joinder.

## III

■ Restraining orders as requested by Marilyn are routinely issued in family law proceedings as against the parties.[3] Civil Code section 4359 provides injunctive relief may also be sought by a party against a nonparty and may be granted without joining the nonparty.[4] (3 Markey, Cal. Family Law (1993) Preliminary Relief, § 44.03[3], p. 44-25.) And although Civil Code section 4359 speaks in terms of ex parte orders, as noted in *In re Marriage of Van Hook* (1983) 147 Cal.App.3d 970 [195 Cal.Rptr. 541], it is assumed "section 4359 ex parte orders will survive in appropriate cases, following a hearing, as preliminary injunctive orders." (*Id.* at p. 978.)

[1]Marilyn also requested joinder so the corporation could be ordered to pay her attorney fees. (*In re Marriage of Siller* (1986) 187 Cal.App.3d 36 [231 Cal.Rptr. 757].) We do not consider this issue. However, we note in *Siller* the question was whether attorney fees were warranted *after* the corporation had been joined. Here, the issue is whether the corporation should be joined *in order* to award fees.

[2]We can only presume they have complied.

[3]Code of Civil Procedure section 412.21 provides, inter alia, "[I]n an action for dissolution of marriage, . . . summons shall . . . contain temporary restraining orders set forth in this section. . . . [The] order shall be in effect against both parties until the final decree is entered or the petition is dismissed, or until further order of the court." It further states the orders include: "[r]estraining both parties from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, without the written consent of the other party or an order of the court, except in the usual course of business or for the necessities of life and requiring each party to notify the other party of any proposed extraordinary expenditures at least five business days prior to incurring those expenditures and to account to the court for all extraordinary expenditures made after service of the summons on that party." (*Ibid.*)

[4]Civil Code section 4359, subdivision (a), allows a court during the pendency of a marital dissolution action "upon application of either party . . . [to] issue ex parte orders (1) restraining *any person* from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal . . . except in the usual course of business or for the necessities of life . . . ." (Italics added.)

California Rules of Court, rule 1213 provides, "If there is any person who has or claims an interest in the controversy, or who but for Rule 1211 would be a necessary party to a complete adjudication of the controversy, or if there is a person who is acting as a trustee, agent, custodian, or similar fiduciary with respect to any property subject to disposition by the court in the proceeding, or other matter subject to the jurisdiction of the court in the proceeding, the court may grant injunctive . . . relief against any such person to protect the rights of either or both of the parties to the proceeding under the Family Law Act . . . ."

Had Marilyn's request for restraining orders been made pursuant to Civil Code section 4359, it should have been granted. "[T]he evident purpose of section 4359 is to allow the trial court to preserve the status quo during the pendency of marital dissolution proceedings." (*In re Marriage of Van Hook, supra,* 147 Cal.App.3d 970, 980.) She explained without such orders the corporation was free to transfer, pledge and/or hypothecate its assets. She was afraid her community property interest in the corporate stock was at risk. Her concerns were justified.

The record speaks for itself. The same law firm represented both Terry and Orange Container. Indeed, the superior court file and the instant pleadings indicate a joining of forces and a unity of interests. Terry's declarations relay corporate desires and facts. Orange Container's corporate lawyers filed briefs indicating joint representation. The corporation, it would appear, was "siding" with Terry. Moreover, all of Marilyn's attempts to obtain records necessary for the proper prosecution of her case were stymied by the corporation and Terry.[5]

We cannot conclude, however, the trial court erred. Marilyn did not ask for Civil Code section 4359 injunctive relief; instead she requested the corporation be joined so injunctive relief could be obtained. (Civ. Code, § 4363; Cal. Rules of Court, rules 1250, 1252 & 1254.) Given the situation at that time, joinder was appropriate. She needed the corporation joined to obtain discovery. But as explained, that is not the case now. She has access to the records. And with that in mind, we cannot hold the trial court *should have* ordered the corporation joined merely to issue the restraining orders.[6]

Nevertheless, change in circumstances since the Supreme Court decision in this case requires reconsideration of the joinder motion. At that time, the trial court may consider whether Civil Code section 4359 restraining orders are appropriate. It may also reconsider, based on new evidence,[7] whether the attorney fee request justifies joinder. A peremptory writ in the first instance is needed to expedite the resolution of these matters. (See *Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218 [23 Cal.Rptr.2d 397, 859 P.2d 96].)

[5]Marilyn was refused access to all verified information regarding the corporation and the community interest in it. Because of the lack of information, she was unable to prove she needed it. This cannot be. The cart does not come before the horse. (*Lehman* v. *Superior Court* (1986) 179 Cal.App.3d 558 [224 Cal.Rptr. 572].)

[6]There may be situations where joinder is appropriate where the only relief requested is a restraining order. An "attorney should consider the use of joinder procedures whenever . . . the community property includes a closely held business that is a separate entity such as a corporation or partnership . . . ." (3 Markey, Cal. Family Law, *supra,* Joinder, § 42.20, p. 42-34.1.)

[7]We note the petition for rehearing was based on alleged new evidence relating to attorney fees.

Let a peremptory writ of mandate issue directing the Orange County Superior Court to vacate its order denying joinder and to rehear the motion. The trial court shall allow counsel to amend and update the motion for joinder and any opposition.

Sills, P. J., and Wallin, J., concurred.

A petition for a rehearing was denied January 18, 1994.