[No. G015808. Fourth Dist., Div. Three. Nov. 30, 1994.]

MARILYN J. SCHNABEL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
TERRY L. SCHNABEL et al., Real Parties in Interest.

**COUNSEL**

James C. Booth for Petitioner.

No appearance for Respondent.

John P. Pringle for Real Parties in Interest.

**OPINION**

**SONENSHINE, J.**—This case presents an interesting twist on the old adage, "three's a crowd." Orange Container, Inc. (Orange Container), a close corporation in which the Schnabels own 30 percent of the stock, has become

a partisan in the war between them. The corporation has taken sides, and has done so in an egregious manner, implicating *every* single ground supporting joinder in the California Rules of Court. Although joinder of a third party to a family law proceeding is compelled only in the *rarest of circumstances*, such is the case here. We therefore hold it was an abuse of discretion for the trial court to refuse to join the firm to these proceedings.

I

The Schnabel sagas are already the subject of a small body of jurisprudence. (See *Schnabel* v. *Superior Court* (1993) 5 Cal.4th 704 [21 Cal.Rptr.2d 200, 854 P.2d 1117]; *Schnabel* v. *Superior Court* (1993) 21 Cal.App.4th 548 [26 Cal.Rptr.2d 169].) For now, suffice to say that after unsuccessfully seeking discovery of various corporate records, Marilyn sought to join the corporation as a party to the dissolution action. The trial court denied the motion; she then filed a writ petition. We issued a peremptory writ of mandate directing the trial court to vacate its denial order and join the corporation. The Supreme Court granted review, but then transferred the matter to us with directions to vacate our decision and reconsider the cause in light of its opinion in *Schnabel* v. *Superior Court, supra,* 5 Cal.4th 704. Among other things, the Supreme Court held Marilyn could obtain corporate tax information in light of the limited circle of Orange Container's stockholders (only the Schnabels and one other party), the close relationship between the corporation and the marital community, and the legislative policy favoring full financial disclosure in marital dissolution proceedings. (*Id.* at p. 722.)[1]

In our subsequent opinion, we held the trial court did not necessarily err in denying joinder based on the record before it. (*Schnabel* v. *Superior Court,*

---

[1]For reader convenience, here is a more detailed rendition of the facts from our last opinion:

" 'Terry and Marilyn Schnabel separated in 1991 after 25 years of marriage. Marilyn petitioned for a dissolution of the marriage, and requested spousal support, determination of property rights, and attorney fees. There were no minor children of the marriage. Terry is employed by and is the record shareholder of 750 shares, approximately 30 percent of the stock, of Orange Container, Inc. (Orange Container), a close corporation. The stock is community property. A third party owns the remainder of the stock. Marilyn hired a certified public accountant to appraise the corporation's value and to ascertain Terry's remuneration and benefits. [¶] After informal attempts at discovery were unsuccessful, Marilyn served a deposition subpena for production of business records on the custodian of records of Orange Container pursuant to Code of Civil Procedure section 2020. The subpena sought production of a broad range of business and tax records of the corporation, including the corporate tax returns, quarterly payroll tax returns, profit and loss statements, bank activity statements, and records reflecting compensation and benefits paid to Terry. [¶] Orange Container produced its profit and loss and financial statements . . . and all records relating to Terry personally . . . . It moved to quash the subpena for the remainder of the requested information, claiming it was "irrelevant, privileged, confidential and an invasion of privacy of the nonparty shareholder" of the corporation. Terry's declaration filed in support of the motion to quash

*supra,* 21 Cal.App.4th at p. 553.) Marilyn's joinder request was based on the need to obtain corporate records and certain restraining orders to protect her community interest. (See *Schnabel* v. *Superior Court, supra,* 21 Cal.App.4th at p. 552.) She also asserted joinder was necessary to collect attorney fee awards.

The necessity to join the corporation to obtain its records, however, was obviated by the Supreme Court's decision, which, with the exception of payroll tax information for persons other than Terry,[2] gave Marilyn the access she sought. (See *Schnabel* v. *Superior Court, supra,* 21 Cal.App.4th at p. 552, fn. 2, citing *Schnabel* v. *Superior Court, supra,* 5 Cal.4th at p. 723.) That left the need for injunctive relief, which we held was insufficient to compel joinder under the record then before us. (*Schnabel* v. *Superior Court, supra,* 21 Cal.App.4th at p. 553.) The issue of attorney fees was left open.[3]

Rather than denying the petition outright, we recognized that new evidence developed in the interim might yet require joinder. We directed the trial court to vacate the order denying joinder and reconsider the matter anew, including additional information which the parties might bring to the court's attention. (See *Schnabel* v. *Superior Court, supra,* 21 Cal.App.4th at pp. 553-554.)

stated that the remaining documents "may disclose personal information of the majority shareholder . . . ." Marilyn's opposition to the motion attached the accountant's declaration detailing the reasons each of the disputed items of information was necessary in order to independently verify the information already produced. [¶] The superior court denied the motion to quash. Terry and Orange Container filed the instant petition for writ of prohibition/ mandate in the Court of Appeal asking that the superior court be ordered to grant the motion. [We] summarily denied the petition. [The California Supreme Court] granted review and transferred the matter to [us] with directions to vacate [our] order denying the petition and issue an alternative writ. Thereafter, [we] issued an opinion again denying the petition, and holding that both the business and the tax records were properly ordered produced.' (*Schnabel* v. *Superior Court,* 5 Cal.4th 704, 708-710, fn. omitted.) [¶] The Supreme Court granted the petition for review and in *Schnabel* v. *Superior Court, supra,* 5 Cal.4th 704, held: 'The trial court acted within its discretion in compelling Orange Container to produce its business records and its corporate tax returns . . . .' (*Id.* at p. 723.) [¶] . . . While the previous matter was pending, Marilyn sought to join Orange Container as a party in the dissolution action. The trial court denied the motion and Marilyn filed [a] writ petition. We issued a peremptory writ of mandate directing the Orange County Superior Court to vacate its order denying joinder and to enter a new and different order granting in its entirety petitioner's motion to join Orange Container. The Supreme Court granted review but transferred the matter to us with directions to vacate our decision and to reconsider the cause in light of *Schnabel* v. *Superior Court, supra,* 5 Cal.4th 704." (*Schnabel* v. *Superior Court, supra,* 21 Cal.App.4th 548, 550-551.)

[2]Even then the court did not lay down an absolute rule; rather, it held that Marilyn had not made a "specific showing of relevance or need" justifying disclosure. (See *Schnabel* v. *Superior Court, supra,* 5 Cal.4th at p. 723.)

[3]In light of our holding we decide neither the attorney fee issue nor the impact of the need for restraining orders on the joinder issue.

Marilyn's subsequent petition revealed considerable new information: Approximately 14 years ago Terry, together with a close personal friend and business associate, Harold Bankhead, formed Orange Container. The community owned 30 percent and Bankhead 70 percent. Terry has been employed by the corporation and served as an officer since its inception. He is now vice-president. Bankhead is president and his second wife is secretary/ treasurer. Bankhead's adult daughter is also an officer. The corporation was recently valued at $1,933,000 with retained and undistributed earnings in excess of $1.7 million, including $502,000 accumulated since the beginning of these proceedings. Terry's wages have been frozen since the petition was filed. Orange Container's and Terry's $50,609 attorney fees and costs have been fully paid by the corporation. Terry failed to pay a September 7, 1993, $10,000 attorney fee order. Marilyn's counsel has substantially underwritten all of her costs and fees, with the exception of a $4,000 initial retainer. The only other significant community asset is the family residence, with approximately $100,000 in equity.

## II

The statutory basis for joinder to a family law action is a third party's claim or control over some "interest" in the family law proceeding. (See Fam. Code, § 2021; cf. Cal. Rules of Court, rule 1250 ["a person who claims or controls an interest subject to disposition . . . may be joined . . . ."].) More specifically, rule 1252(a) of the California Rules of Court provides, in relevant part, that a person may be joined "who has in his possession or control or claims to own any property subject to the jurisdiction of the court in the proceeding." Additional bases for joinder are set forth in rule 1254(a) of the California Rules of Court: If there is an issue that should be decided in the family law proceedings, and the third party is either "indispensable" to its determination or necessary to enforcement of any judgment on that issue, the trial court may join the party.[4]

Before we address the specific facts of the case before us, several preliminary observations are necessary. ■ Rules of court dealing with joinder

---

[4]California Rules of Court, rule 1254(a) provides, in relevant part: "The court may order that a person be joined as a party to the proceeding if the court finds that it would be appropriate to determine the particular issue in the proceeding and that the person to be joined as a party is either indispensable to a determination of that issue or necessary to the enforcement of any judgment rendered on that issue. In determining whether it is appropriate to determine the particular issue in the proceeding, the court shall consider its effect upon the proceeding, including whether the determination of that issue will unduly delay the disposition of the proceeding, whether other parties would need to be joined to render an effective judgment between the parties, whether the determination of that issue will confuse other issues in the proceeding, and whether the joinder of a party to determine the particular issue will complicate, delay, or otherwise interfere with the effective disposition of the proceeding." In essence, the rule is written so that first the court decides whether (a) the issue is

are written in the permissive "may" rather than the mandatory "shall." Hence, even if a corporation fits criteria set forth in rule 1252(a) or 1254(a), joinder is not automatic. The standard of review is abuse of discretion.

There is good reason the standard is discretionary rather than mandatory. Family law cases are among the most personal of all proceedings; a third party should not be forced, absent dire necessity, to participate in what is often a bitter, time-consuming and expensive conflict. Joinder may be particularly burdensome on businesses. In addition to the cost of hiring attorneys and monitoring proceedings, joinder may distract management and disrupt day-to-day administration of the business. Such impositions on third parties can hardly be required absent absolute necessity, lest the joinder power become, in effect, a kind of tax on businesses unfortunate enough to have an officer or major shareholder involved in a dissolution.

On the other hand, the trial court's exercise of discretion must obviously be reasonable. In an extremely small number of cases joinder is the only reasonable alternative. This is such a case.

We first confront blatant and egregious corporate favoritism. Orange Container has actively aided Terry in the dissolution. Orange Container has conveniently frozen Terry's wages at the same time its earnings have increased. The corporation is holding what appears to be an unreasonably large accumulation of earnings, some of which might have been distributed to the community in the form of dividends or have been of benefit to Marilyn if paid to Terry as salary.

Further, Orange Container's and Terry's attorney fees and costs have been fully underwritten and paid by the corporation. Yet Terry failed to pay a September 7, 1993, $10,000 attorney fee order. Both Terry and Orange Container are represented by the same law firm. Indeed, Orange Container's attorneys have filed briefs indicating joint representation.[5] And, when Marilyn sought discovery of records to which she was entitled even as a shareholder, the corporation, represented by Terry's lawyers, opposed her. (See

---

appropriate, and then (b) decides if (i) the third party is "indispensable to a determination of that issue" or (ii) "necessary to the enforcement of any judgment rendered on that issue."

[5]We express concern that Terry is represented by the same lawyers as Orange Container. In *Woods* v. *Superior Court* (1983) 149 Cal.App.3d 931 [197 Cal.Rptr. 18], the Court of Appeal determined ". . . an attorney, who for years has represented the interests of a family corporation, can[not] represent one spouse against the other in an action for dissolution of their marriage when the family corporation is a primary focus of dispute in the dissolution." (*Id.* at p. 932, fn. omitted.)

The court found, ". . . there are serious problems when the attorney of an ongoing corporation owned by wife and husband also undertakes to act as counsel for husband or wife in a divorce action. . . . [A] corporate attorney owes undivided loyalty to the corporation and cannot take sides in a serious dispute between its owners. . . . [T]he problem is amplified

*Schnabel* v. *Superior Court, supra,* 21 Cal.App.4th at p. 553.) If this dissolution action were a sporting event, it would be as if the management of Orange Container were not only rooting for Terry, but had suited up and joined his team.[6]

Orange Container's favoritism is particularly relevant here because the nature of that favoritism implicates *all* three of the reasons for joinder set out in the rules. One, there is the potential control of community assets under rule 1252(a) of the California Rules of Court. As alluded to above, it is not unreasonable to conclude that a portion of the firm's earnings might have *otherwise* been distributed to the marital community in the form of dividends but for a deliberate corporate decision to starve Marilyn financially. The facts are certainly strong enough to warrant the inference that the firm *may* have "physical control" of community property.[7]

Two, the corporation's partisanship has made it an indispensable party to the proceedings as described in rule 1254(a) of the California Rules of Court.[8] This indispensability affects not only the issue of community property (as just discussed) but spousal support and attorney fees as well. Both issues are implicated by the corporation's seeming attempt to artificially depress Terry's income and its freewheeling bankrolling of *his* attorney fees at a time when Marilyn's attorney is forced, in effect, to underwrite her case himself.

Three, the corporation's partisanship has made joinder necessary to enforce any family law judgment on the issue of community property, a criteria

---

here in that [wife] has moved to join the family corporation as a party to the dissolution proceedings." (*Woods* v. *Superior Court, supra,* 149 Cal.App.3d at p. 935.)

"[H]usband contends that an attorney acting for a corporation represents *it,* its stockholders and its officers in their representative capacity and does not represent the officers personally. [Citation.] Husband argues that [counsel] never really represented either spouse and therefore is not acting adverse to a client or former client by now representing husband against wife. Not so under the circumstances before us. We believe [counsel] necessarily represents *both* husband's and wife's interests in his [or her] role as attorney for the family corporation. A corporation's legal adviser must refrain from taking part in controversies among shareholders as to its control, and when his [or her] opinion is sought he [or she] must give it without bias or prejudice. [Citation.] [¶] We believe the fact that [counsel] continues to represent wife's interest in a family business which will be the focus of the marital dissolution is sufficient to disqualify [him or her] from representing husband. . . ." (*Woods* v. *Superior Court, supra,* 149 Cal.App.3d at pp. 935-936, fn. omitted.) The court concluded that "absent consent or waiver, the attorney of a family-owned business, corporate or otherwise, should not represent one owner against the other in a dissolution action." (*Id.* at p. 937.)

[6]This is not to say that Orange Container is Terry's corporate alter ego. Obviously the two are separate entities.

[7]For the same reason, Orange Container's argument that Marilyn and Terry only own stock *in* the corporation as distinct from assets owned *by* the corporation is unavailing.

[8]See footnote 4, *ante.*

also described in rule 1254(a) of the California Rules of Court. Given that the only major community asset other than the stock is a house worth but a fraction of the value of that stock, it appears the trial court will be faced with but two choices: order Terry to buy out Marilyn *or* divide the community stock in kind. The former alternative entails a note secured by the stock; the latter actual possession of the stock itself. Joinder thus becomes necessary to ensure the judgment is not subverted by dissipation of the corporate assets. We need not elaborate on the variety of actions the management of Orange Container might take which would be to Marilyn's detriment and Terry's benefit.[9]

### III

In conclusion, we reiterate that a family law court is not mandated to join a third party even when it appears the moving party has established one or all of the criteria set forth in the applicable rules. We leave for another day whether joinder might be required under any lesser showing, e.g., where a corporation's partisanship did not have the same pervasive effect as it has here. Suffice it to say the showing before us is strong enough.[10]

From the inception of the case Orange Container has acted like a party when it was to Terry's benefit. It is now time for it to accept the responsibility.

The alternative writ is dissolved. Let a peremptory writ of mandate issue directing the Orange County Superior Court to vacate its order denying joinder and to enter a new and different order granting in its entirety Marilyn's motion to join Orange Container.

Sills, P. J., and Wallin, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied February 23, 1995.

---

[9]But to name a few: unreasonably increasing executive compensation, offering various stock option plans to officers and employees, selling off assets at reduced prices to current management, or borrowing on assets controlled by current management.

[10]We also leave for another day the perimeters of when the trial court abuses its discretion by *granting* a joinder motion, except to note the criteria in California Rules of Court, rule 1252(a) or rule 1254(a) must be present.