Filed 7/9/15  Freeman v. Friedman CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BARRY FREEMAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REBECCA FRIEDMAN,<br><br>    Defendant and Appellant. | B250005<br><br>(Los Angeles County<br>Super. Ct. No. BC470137) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor E. Chavez, Judge.  Affirmed.

Freedman+Taitelman, Bryan J. Freedman, Jesse A. Kaplan and September Rea for Defendant and Appellant.

Law Offices of Marjorie G. Fuller and Marjorie G. Fuller for Plaintiff and Respondent.

## INTRODUCTION

Rebecca Friedman filed a dissolution action against her husband, Marc Friedman,[1] in Orange County Superior Court. A receiver was appointed in the dissolution action to investigate businesses Rebecca claimed were community assets. Dr. Barry Freeman, however, claimed to own those businesses, and he therefore filed a complaint in the Los Angeles Superior Court against Rebecca seeking a declaration he was the sole owner of the businesses. The Los Angeles Superior Court granted judgment in Barry's favor. Rebecca (defendant and appellant) appeals, contending that the Los Angeles Superior Court lacked jurisdiction to issue that judgment in favor of Barry (plaintiff and respondent). We disagree and affirm the judgment.

## BACKGROUND

On May 11, 2010, Rebecca filed, in Orange County Superior Court, a petition for dissolution of her marriage to Marc.[2] Marc submitted a schedule of assets indicating he had a partnership or business interest in various medical businesses.[3] After Marc failed to comply with support orders, Rebecca moved to have a receiver appointed. The hearing on Rebecca's motion was scheduled for September 23, 2011.

The day before Rebecca's motion was heard, Barry filed, on September 22, 2011, a complaint against Rebecca in Los Angeles Superior Court seeking a declaration he

---

[1]    Because of similarities in surnames, we use first names.

[2]    *In re Marriage of Rebecca and Marc Friedman* (Super. Ct. Orange County, 2010, No. 10D004435).

[3]    West Coast Surgery Center; Motion Analysis, Inc.; American Medical Solutions, Inc.; Beverly Hills Plastic Surgery Physicians, Inc.; State of the Art Surgery Center, Inc.; L.A. Beautiful, Inc.; El Monte Foot Clinic, Inc.; Greater Continental Financial Group; and RX Consulting. Rebecca also claimed that Marc had an interest in Downey Multi Specialty Clinic, Inc., and San Gabriel Valley Podiatry Group.

owned the businesses.[4]  Barry referenced the motion for appointment of a receiver, and he attached a copy of the Orange County dissolution action to his complaint.

The day after Barry filed his declaratory relief action in Los Angeles Superior Court, Rebecca's motion for appointment of a receiver was heard in the Orange County dissolution action, on September 23, 2011.  At that hearing, Barry moved ex parte to intervene in the dissolution action.  Rebecca's counsel objected to the ex parte notice. The court denied Barry's application:  "Well, the ex parte request is denied.  This can be done other ways:  they can do a separate civil suit, some other action.  It's not going to drag this proceeding along any farther than it already has been. . . .  [¶]  So if there's other ways that this can be done, I'm just suspicious about the timing, so that's denied.  And I'm not going to set a hearing on that.  If someone has to file something in the regular notice channels, that's fine; but ex parte relief is denied."  The court then appointed a receiver and, on October 21, 2011, issued an order authorizing the receiver to "take possession and control of all income, rents, issues and profits generated" by the medical businesses.[5]

Rebecca's dissolution action in Orange County and Barry's declaratory relief action in Los Angeles proceeded, with both courts aware of the other and with Barry participating in some of the proceedings in the dissolution action.  Then, on August 9, 2012, the Los Angeles Superior Court lifted any "stay" imposed, allowed full discovery to commence, and ordered the parties to prepare for trial on Barry's complaint for declaratory relief.  Rebecca was ordered to file a responsive pleading.  According to the

---

[4]      The complaint also stated causes of action for injunctive relief and tortious interference with contractual relations and with prospective business advantage.  Those causes of action were later dismissed.
        Barry filed, in the dissolution action in Orange County, a notice of related case.

[5]      By orders dated November 10, 2011, October 10, 2012, and February 7, 2013, the receiver's powers were expanded.  Barry filed objections to the receiver's requests for an expansion of power.

case summary, Rebecca answered the complaint in pro per on September 10, 2012.  The answer does not appear to be a part of the record on appeal.

A court trial was held on April 8, 2013 on Barry's complaint, Judge Victor E. Chavez presiding.[6]  Rebecca appeared in pro per and testified, as did Matthew Eandi, counsel for the receiver.  The trial was not reported.  The Los Angeles Superior Court granted declaratory relief to Barry.[7]  On May 7, 2013, the Los Angeles Superior Court issued an amended judgment declaring Barry to be the lawful owner of West Coast Surgery Center; Motion Analysis, Inc.; American Medical Solutions, Inc.; Beverly Hills Plastic Surgery Physicians, Inc. dba L.A. Beautiful, Inc.; State of the Art Surgery Center; Downey Multi Specialty Clinic, Inc.; El Monte Foot Clinic, Inc.; and San Gabriel Valley Podiatry Group, Inc.[8]  Judgment was entered on May 22, 2013.

---

[6]  The matter was transferred for trial to Judge Chavez, who was not the status conference judge.

[7]  After obtaining a judgment on his declaratory relief action, Barry, on April 25, 2013, filed, in connection with the Orange County dissolution action, a petition for writ of mandate/prohibition in the Court of Appeal, Fourth District, Division Three asking it to vacate orders establishing the receivership and giving the receiver power of the businesses.  The Court of Appeal summarily denied Barry's petition.

[8]  After the Los Angeles Superior Court issued its judgment on Barry's declaratory relief action, the family law court in the dissolution action issued an order, on April 26, 2013, stating it "maintains exclusive jurisdiction and control over Byron Z. Moldo, State Court Receiver, . . . in his official capacity as Receiver as defined by the orders of the Appointing Court.  The Appointing Court's exclusive jurisdiction extends to all property, assets and funds in the Receivership Estate as may be defined by the existing and future orders of this Appointing Court.  [¶]  . . . [T]he Receiver shall act only in accordance with the Orders of the Appointing Court and that no person or entity shall take any action against the Receiver or property, assets or funds of the Receivership Estate, as defined by the Appointing Court, without obtaining permission, authorization, or further order(s) from the Appointing Court.  Any judgment or orders obtained in contravention to the orders of this Appointing Court are ineffective as to the Receiver and the Receivership Estate.  [¶]  . . . [A]t the time of entry of this Order, no person or entity has been granted permission by this Appointing Court to take any action, whether in law or equity, against the Receiver, the Receivership Estate, or the assets and property that are included in the Receivership Estate . . . ."  The court crossed out proposed language regarding an OSC

4

After trial, Barry moved for injunctive relief in the Los Angeles Superior Court. The receiver opposed the motion on the ground that the family law court in Orange County had exclusive jurisdiction and the receiver had not been joined in the Los Angeles Superior Court declaratory relief action. Judge Chavez issued a temporary restraining order restraining Rebecca and the receiver from, for example, distributing funds from the businesses or liquidating the businesses' assets. The court set a hearing for a preliminary injunction, which Rebecca opposed on the same jurisdictional grounds. At the hearing on the preliminary injunction, the issue of jurisdiction was discussed. On May 9, 2013, the court issued a preliminary injunction on the same terms as the temporary restraining order and ordered Barry to post a bond.[9]

This appeal followed.

## DISCUSSION

**I. The Los Angeles Superior Court had jurisdiction to hear Barry's declaratory relief action.**

Because Rebecca's dissolution action was filed before Barry's declaratory relief action, Rebecca claims that the Los Angeles Superior Court lacked "jurisdiction." Rebecca appears to rely on two doctrines of jurisdiction—subject matter jurisdiction and exclusive concurrent jurisdiction—as bars to Barry's declaratory relief action.

"Subject matter jurisdiction . . . is the power of the court over a cause of action or to act in a particular way." (*Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1035; see also *Donaldson v. National Marine, Inc.* (2005) 35 Cal.4th 503, 512.) "The California Constitution confers broad subject matter jurisdiction on the superior

---

against Barry and restraining Barry from taking action against the Receiver and assets of the Receivership estate, including the medical businesses.

[9] Barry had also filed an application for an order to show cause re contempt against Rebecca and the receiver for violating the preliminary injunction, which the court denied. Rebecca filed motions for (1) reconsideration of the court's order granting the preliminary injunction; (2) to set aside the judgment; and (3) objecting to the amount of the bond. The motions were denied.

5

court.  [Citation.]  The subject matter jurisdiction of the superior court is limited in certain circumstances, however, such as in areas of exclusive federal jurisdiction [citation], matters within the exclusive jurisdiction of an administrative agency [citation], and where jurisdiction is vested in a reviewing court as a result of the filing of a notice of appeal [citation]."  (*Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1029.)

To the extent Rebecca challenges the Los Angeles Superior Court's "subject matter jurisdiction" to hear Barry's declaratory relief action, we reject any challenge on this ground.  None of the circumstances limiting a superior court's subject matter jurisdiction are present here.  This is not, for example, a matter of exclusive federal jurisdiction or a case within the exclusive jurisdiction of an administrative agency.  Which action—the dissolution action or the declaratory relief action—was filed first is irrelevant to determining *subject matter* jurisdiction.  The Los Angeles Superior Court had subject matter jurisdiction over Barry's declaratory relief action.

The second jurisdictional doctrine is "exclusive concurrent jurisdiction." "Exclusive concurrent jurisdiction" provides that when two or more courts have subject matter jurisdiction over a dispute, the court that first asserts jurisdiction assumes it to the exclusion of the others.  (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal.App.4th 1168, 1175; see also *Levine v. Smith* (2006) 145 Cal.App.4th 1131, 1135 ["Under the doctrine of priority of jurisdiction, the first superior court to assume and exercise jurisdiction in the case acquires exclusive jurisdiction until the matter is disposed of"]; *People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 770 (*Garamendi*).)  "That the parties in the two actions 'are not entirely identical' and 'that the remedies sought by the two actions are not precisely the same' is not controlling.  [Citation.]  It is sufficient for the exercise of a protective equitable jurisdiction that the" issue in both suits "arises out of the same transaction or events."  (*Franklin & Franklin,* at p. 1175; see also *Garamendi,* at p. 770.)  The rule rests on practical considerations; namely, avoiding the unfortunate result of conflicts. (*Franklin & Franklin,* at p. 1175.)

6

The rule is a "judicial rule of priority or preference and is not jurisdictional in the traditional sense of the word," in that it does not divest a court, which "otherwise has jurisdiction of an action, of jurisdiction." (*Garamendi*, *supra,* 20 Cal.App.4th at pp. 764-765, 769.) Hence, a failure to comply with the rule renders subsequent proceedings voidable, not void. (*Id.* at p. 772.) The rule is "similar to an affirmative defense and the remedy for its applicability is a stay of the second action. Prior to an appropriate pleading requesting such a stay, the trial court in the second action properly exercises its jurisdiction." (*Id.* at p. 769.) Exclusive concurrent jurisdiction therefore should be raised "by demurrer where the issue appears on the face of the complaint and by answer where factual issues must be resolved." (*Id.* at p. 771.) If raised by answer, the party asserting the rule may raise it by way of a motion to dismiss or to abate or a motion for summary judgment. (*Ibid.*) If not raised, the jurisdictional "defense" is subject to waiver and estoppel. (*Sea World Corp. v. Superior Court* (1973) 34 Cal.App.3d 494, 500-502.)

We will assume here that the rule of exclusive concurrent jurisdiction applies and that the Orange County Family Law Court in the dissolution action potentially had "priority." (See *Garamendi, supra,* 20 Cal.App.4th at p. 770 ["Ordinarily, '[p]riority of jurisdiction resides in the tribunal where process is first served' "].) The problem, however, is that, on this record, Rebecca failed to raise properly and in a timely manner exclusive concurrent jurisdiction in the lower courts. In his complaint, Barry alleged that the dissolution action was pending, and he attached the dissolution action as an exhibit. A defense based on exclusive concurrent jurisdiction was therefore apparent on the face of Barry's complaint, rendering the complaint subject to attack. (*Id.* at p. 771; Code Civ. Proc., § 430.10, subd. (a).) Although a minute order from a status conference indicates that the Los Angeles Superior Court was aware of the dissolution action, nothing in the record shows that Rebecca raised the jurisdictional bar by demurrer, in her answer or by motion.[10] Indeed, it is unclear, because the trial proceedings were unreported, whether Judge Chavez, to whom the declaratory relief action was transferred for trial, was aware

---

[10]    The Appellant's Appendix does not contain either a demurrer or an answer.

7

of the issue before conducting the trial.[11] Jurisdiction may have first been raised in the Los Angeles Superior Court at a post-trial hearing on May 9, 2013 in connection with Barry's motion for a preliminary injunction. But an opposition to a preliminary injunction, filed *after a trial on the merits*, is not an appropriate vehicle to raise the defense. (See *Garamendi, supra,* 20 Cal.App.4th at p. 774.)

Nor does the record show that the Orange County Family Law Court issued any order establishing its exclusive concurrent jurisdiction or joining Barry as a party to the dissolution action, although the court could have done so, before the Los Angeles case proceeded to trial. (See generally Fam. Code, § 2021, subd. (a) [a third party who has an interest in a family law proceeding may be joined as a party]; *Schnabel v. Superior Court* (1994) 30 Cal.App.4th 758, 762-763 [trial court abused its discretion by denying wife's request in a dissolution action to join third party corporation in which the community owned an interest]; Cal. Rules of Court, rule 5.24 [a "person who claims or controls an interest in any matter subject to disposition in the proceeding may be joined as a party to the family law case"]; Cal. Rules of Court, rule 5.24(c)(1) [petitioner or respondent may request joinder of a party possessing or controlling property subject to the jurisdiction of the court in the proceeding]; Cal. Rules of Court, rule 5.24(e)(2) [court may order a person joined to a family law proceeding if joinder is appropriate to determine a particular issue, and the person to be joined is either indispensable to a determination of that issue or necessary to the enforcement of any judgment rendered on that issue].)

In *Glade v. Glade* (1995) 38 Cal.App.4th 1441 (*Glade*), for example, wife filed a dissolution action. Husband's parents then filed a separate action to foreclose on the community property residence, because parents held the deed of trust securing a loan on the property. (*Id.* at p. 1445.) Wife moved in the dissolution action to (1) consolidate the matters, (2) to join the parents to the dissolution action, and (3) for a stay of the foreclosure action. (*Id.* at p. 1446.) The judge in the dissolution action granted the

---

[11]    In fact, Rebecca has stated that the issue "was not fully briefed for the [Los Angeles Superior] Court when the matter was called to trial."

8

joinder motion[12] and stayed the foreclosure action. (*Id.* at p. 1447.) Before wife's attorneys could inform the foreclosure court of the orders issued by the dissolution court, the foreclosure court granted the parents' motion for summary judgment. (*Id.* at pp. 1447-1448.) The foreclosure court then denied wife's motion for reconsideration, which was based on the joinder and stay orders.

*Glade* found that the dissolution court had priority jurisdiction, given "the family law court's broad jurisdictional authority where the right to and disposition of community property are concerned." (*Glade, supra,* 38 Cal.App.4th at p. 1450.) The court therefore found that the family law court had the authority to stay the foreclosure action. (See also *Askew v. Askew* (1994) 22 Cal.App.4th 942, 962 [husband's separate civil action, filed after dissolution, "usurped the power and obligation of the family law court to determine the character of the . . . properties. . . . Given that the family law court *already* had subject matter jurisdiction to divide the community property, the civil trial court had no jurisdiction to so act"].)[13]

Unlike in *Glade*, the record on appeal here does not demonstrate that the family law court exercised any right it had to exclusive concurrent jurisdiction. The family law court, for example, denied Barry's ex parte application to intervene. True, the court did so primarily on notice grounds and Barry could have filed a properly noticed motion. But this record does not conclusively show that either the family law court or Rebecca took any action, for example, to join Barry to the dissolution action, to stay the declaratory relief action or to consolidate the two actions. "When a case is filed with the court and jurisdiction of the parties has been obtained, the court does not thereby assume exclusive jurisdiction of that case and its subject matter, even if under the pecking order it has a

---

**12** The joinder issue was more complex, involving the parents as individuals and a trust, of which they were trustees.

**13** The wife in *Askew* demurred to husband's civil action and sought its consolidation with her dissolution action. (*Askew v. Askew, supra*, 22 Cal.App.4th at p. 948.) The motions were denied, and the parties then agreed that the property issues in the dissolution action would be resolved after the civil action. (*Ibid.*)

right to do so, if another suit involving the same subject matter is filed in a court of concurrent jurisdiction which proceeds without being interfered with to have a hearing in which all parties participate." (*Sea World Corp. v. Superior Court, supra,* 34 Cal.App.3d at pp. 500-501.)

Instead, the record suggests that the family law court in the dissolution action was waiting for the Los Angeles Superior Court to issue a judgment. At a hearing on October 30, 2012, the family law court said, "So let's have the evidentiary hearing and see what we decide until the L.A. court determines what the – who owns it." Barry's counsel represented to the Los Angeles Superior Court that he'd offered to stipulate to intervene in the dissolution action, but "my offer was not taken up." He further represented that the Orange County court said "on at least four occasions, said on the record . . . that we are just talking about temporary, and we are going to wait until what the L.A. court decides and we will see what happens in L.A. we will see what happens on the other case." We therefore cannot find, on this record, that jurisdictional precedence was properly and timely asserted.

We also cannot find, on this record, that Rebecca has suffered a miscarriage of justice from the Los Angeles Superior Court's exercise of jurisdiction and judgment that Barry owns the medical businesses. (See *Garamendi, supra,* 20 Cal.App.4th at p. 772 ["[t]rial court error in determining application of the rule of exclusive concurrent jurisdiction is reversible only where the error results in a miscarriage of justice or prejudice to the party asserting the rule"]; accord, *Stearns v. Los Angeles City School Dist.* (1966) 244 Cal.App.2d 696, 717-718.) First, Rebecca does not challenge the merits of the declaratory judgment. Second, as the judge in the dissolution action noted, the declaratory judgment does not necessarily resolve the issues in the dissolution action.[14]

---

[14] At a hearing on April 26, 2013, the court in the dissolution action referred to Judge Chavez's judgment and noted that "the fact that [Barry's] the legal owner with Judge Chavez'[s] order, that still doesn't solve my problem. That doesn't mean there isn't a partnership interest. He may be the legal owner, but what partnership interest does [Marc] have, or does he have a lease interest in the fixtures? There are a million other things. So that order doesn't do much for me by any stretch of the imagination."

10

We therefore conclude that, on this record, Rebecca has not demonstrated either that the Los Angeles Superior Court lacked jurisdiction to issue the judgment in Barry's favor or that a miscarriage of justice has resulted thereby.

## II. The record on appeal is inadequate to address the bond issue.

Judge Chavez issued a preliminary injunction and ordered Barry to post a $50,000 bond. Rebecca contends that Barry failed to post that bond, and therefore the preliminary injunction is void. (Code Civ. Proc., § 529, subd. (a) [on granting an injunction, the court generally must require an undertaking].) The problem again, however, is that the record on appeal does not show that this issue was raised in the trial court. The record contains Rebecca's "notice of objection to bond as insufficient and request to increase bond after evidentiary hearing." The record also contains Rebecca's opposition to Barry's "application for [an] order to show cause re contempt" arguing that the application should be denied because, among other things, a bond had not been posted.

The record does not contain, for example, a motion to dissolve the injunction because Barry failed to post the bond. Rebecca has not cited any part of the record showing that Judge Chavez considered the issue. As the appellant, Rebecca had a duty to provide an adequate record to demonstrate error. To the extent the record precludes an adequate review of this and Rebecca's other contentions, we make all reasonable inferences in favor of the judgment. (See generally *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1; *Rossiter v. Benoit* (1979) 88 Cal.App.3d. 706, 712, overruled on another ground by *Wilson v. Garcia* (1985) 471 U.S. 261; Cal. Rules of Court, rules 8.120(b), 8.134 & 8.137.)[15]

---

[15] Barry's respondent's brief on appeal includes a motion to dismiss the appeal because Rebecca failed to designate the reporter's transcript from the trial. Any failure to submit a settled or agreed statement (because the trial was unreported) is not a ground to dismiss the appeal, although, as we have said, it is relevant to the adequacy of the record to determine the issues Rebecca raises on appeal.

11

## DISPOSITION

The motion to dismiss the appeal is denied.  The judgment is affirmed.  Plaintiff and Respondent Dr. Barry Freeman is to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

EGERTON, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.

12